IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PASSARELLA, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-108 |
| v. | : | |
| CITIZEN'S BANK SUPERMARKET BRANCH, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                                January 31, 2019

This is the third case that this *pro se* prisoner plaintiff has commenced regarding allegations that an unauthorized individual (apparently, his sister) withdrew $1,600.00 from his bank account in February 2017. The plaintiff applies for leave to proceed *in forma pauperis*. After reviewing the application and the complaint, the court will allow the plaintiff to proceed *in forma pauperis* but must again dismiss the complaint for the failure to state a claim for any civil rights violation and for a lack of subject-matter jurisdiction over any potential state law tort causes of action. The plaintiff, as the court advised him with respect to his other actions, is still free to refile his state law tort claims in the appropriate state court.

### I.  ALLEGATIONS AND PROCEDURAL HISTORY

Unfortunately, this is not the first time that the *pro se* plaintiff, William Passarella ("Passarella"), has filed an action in this court against Citizen's Bank Supermarket Branch ("Citizen's Bank").[1] In September 2017, Passarella filed an application for leave to proceed *in forma pauperis* and a complaint under 42 U.S.C. § 1983 against Citizen's Bank. *See Passarella*

---
[1] Passarella is an inmate currently incarcerated at the Pennsylvania State Correctional Institution – Mahanoy. *See* Doc. No. 1 at ECF p. 2.

*v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 1. According to the complaint in that case, the Citizen's Bank located in Aldan, Pennsylvania allowed a then-unidentified family member to withdraw $1,600.00 from Passarella's bank account without his consent in February 2017. *See* Compl. at 2–3, *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 1-1. Passarella also alleged that a Citizen's Bank employee promised to investigate the wrongful withdrawal but failed to do so. *See id.* at 3–5. As relief, Passarella requested $150,000.00 in damages and the firing of the responsible teller. *See id.* at 5–6.

By an order entered on February 16, 2018, the court granted Passarella leave to proceed *in forma pauperis* and dismissed his complaint without prejudice. *See* Order, *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 8. In the order, the court explained that Passarella could not maintain claims under section 1983 because Citizen's Bank is not a state actor. *See id.* at 3, n.5. The court also noted that Passarella had not demonstrated that the court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 over any possible state law claims. *See id.* at 3, n.6. The court provided leave to Passarella to file an amended complaint if he could state a basis for subject-matter jurisdiction over his state law claims. *See id.* at 3.

Passarella responded to the court's order by filing an amended complaint on February 26, 2018, in which he provided some additional information about his claim that an unauthorized family member withdrew $1,600 from his bank account. *See* Am. Compl., *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 10. By a memorandum opinion and order entered on March 12, 2018, the court dismissed the amended complaint without prejudice for lack of subject-matter jurisdiction, pointing out that Passarella did "not address any of the issues identified with

2

the original complaint." *See* Mem. Op., *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 11; Order, *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 12.[2]

Approximately three months later, Passarella filed an application for leave to proceed *in forma pauperis* and another complaint asserting claims against Citizen's Bank and RBS Citizen's Financial Group regarding the withdrawal of $1,600.00 from his bank account.[3] *See* Compl., *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 2. By memorandum opinion and order entered on September 7, 2018, the court granted Passarella leave to proceed *in forma pauperis* and dismissed his complaint without prejudice to his right to file his state law claims in state court.[4] *See* Mem. Op., *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 8; Order, *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 9. In dismissing the action, the court concluded that Passarella had "acted maliciously in filing yet another action in federal court concerning the same subject[]matter as his prior action." Mem. Op. at 2, *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.). The court also noted that Passarella had failed to properly demonstrate that the court had subject-matter jurisdiction over this action under 28 U.S.C. § 1332. *See id.* at 9–12. The court did not provide Passarella with leave to file an amended complaint.[5]

---

[2] Despite the court not providing Passarella with leave to file a second amended complaint, he did so on March 22, 2018. *See* Second Am. Compl., *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 13. By order entered on March 27, 2018, the court struck the second amended complaint. *See* Order, *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 14. On August 10, 2018, Passarella then filed a motion to withdraw this action, which the court later denied as moot. *See* Mot. to Withdraw, *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 18; Order, *Passarella v. Citizen's Bank*, No. 17-4349 (E.D. Pa.), Doc. No. 19.

[3] Passarella added RBS Citizen's Financial Group as a defendant, but it is unclear from his allegations what role it played in the events leading up to his complaint. It is possible that RBS Citizen's Financial Group was the entity which conducted the fraud investigation into the missing $1,600.00.

[4] Passarella had also filed two motions seeking the appointment of counsel. *See Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. Nos. 5, 7. As part of the court's memorandum opinion and order, the court denied those motions. *See* Mem. Op. at 12 & n.13, *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 8; Order at 2, *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 9.

[5] After the court's order dismissing the action, Passarella filed a "Motion to Speak Out Regarding This," in which he appeared to be, *inter alia*, (1) asserting that this case, and another he had filed at Civil Action No. 18-3081, had merit, and (2) objecting to having to pay monies towards the filing fees in both cases because the court ultimately dismissed

3

Seemingly undeterred by the two prior dismissals and apparently reluctant to simply file a complaint in the appropriate state court, Passarella has filed yet another application for leave to proceed *in forma pauperis* (the "IFP Application"), a prisoner trust fund account statement, and the instant complaint against Citizen's Bank that the clerk of court docketed on January 8, 2019. *See* Doc. Nos. 1, 2. In this complaint, Passarella alleges that his sister, Elizabeth Cellini ("Cellini"), wrongfully withdrew the $1,600.00 from his Citizen's Bank account in February 2017.[6] *See* Compl. at ECF pp. 3–6. Passarella claims that Citizen's Bank "has acted with reckless deliberate indifference and, under color of federal law . . . in allowing [his] sister to withdraw[] $1[,]600.00 without [his] consent." *Id.* at ECF p. 3. Passarella notes that the $1,600.00 was returned to his account, but not until he had already "suffered" without it for seven months. *See id.* at ECF p. 5. Passarella suggests that he is seeking to once again raise federal civil rights claims.[7] *See id.* Passarella has provided Pennsylvania addresses for all parties. *See id.* at ECF p. 2. For his requested relief, Passarella seeks "declaratory relief pursuant to 28 USC Section 2201 and 2202," damages "authorized by 28 USC s 2283 and 2284 and Rule 65 of the Fed.R.Civ.P.," punitive damages, and $10,000 from each defendant due to him "suffer[ing] mental and

---

them. *See* Mot., *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 11. The court denied the motion by order entered on September 25, 2018. *See* Order, *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 12. The court attempted to explain to Passarella why he was required to pay towards the filing fees in each of the dismissed cases, the manner in which the court dismissed his claims, and why he was not entitled to the appointment of counsel. *See id.* at 1, n.1. Despite the court's explanation, Passarella filed a "Motion to Withdraw Court Filing Fees," that the clerk of court docketed on November 19, 2018, which the court denied by order entered on November 28, 2018. *See* Mot., *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 13; Order, *Passarella v. Citizen's Bank, et al.*, No. 18-2354 (E.D. Pa.), Doc. No. 14.

[6] Although Passarella did not include her in the caption of the complaint in accordance with Rule 10(a) of the Federal Rules of Civil Procedure, he lists Cellini as a named defendant in the body of the complaint. *See* Compl. at ECF pp. 2, 3.

[7] Interestingly, Passarella has checked off the box on the form complaint indicating that he is bringing a suit against federal officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. at ECF p. 3. He did not check the box indicating that he is asserting a section 1983 claim against the defendants. *See id.*

psychological stress at the hands of the Bank's carelessness in allowing [his] sister to withdraw[] $1,600.00 out of [his] account." *Id.* at ECF pp. 3, 13–14.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs

5

and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and prisoner trust fund account statement, it appears that Passarella is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[8]

**B.      Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Passarella leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial

---

[8] Since Passarella is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even though the court is ultimately dismissing this action.

6

process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Passarella bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d

Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### C. Analysis

The court will dismiss the complaint here for essentially the same reasons the court dismissed the complaints Passarella filed in Civil Action Nos. 17-4349 and 18-2354, albeit with additional justification. In the first instance, Passarella has referenced *Bivens* as the basis for his action instead of section 1983. Despite his conclusory allegations that the defendants acted under color of federal law, he has not included any factual allegations that would sustain a *Bivens* claim. In this regard, to maintain a *Bivens* claim, Passarella "must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law." *Tate v. Benson*, Civ. A. No. 12-1129-GMS, 2013 WL 164860, at *1, n.2 (D. Del. Jan. 11, 2013) (citations omitted). Simply put, Passarella has neither alleged a deprivation of a right secured by the Constitution or the laws of the United States nor supplied any factual allegations raising a plausible inference that Citizen's Bank (or Cellini) was an official acting color under federal law. As such, he has not alleged a plausible *Bivens* claim.

Even if Passarella mistakenly checked the box on the form for a Bivens claim and was instead intending to proceed under section 1983, he has similarly failed to once again include plausible allegations to assert a cause of action under section 1983. In this regard,

> [t]o succeed in a claim under § 1983, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth

> Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir.2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).

In the complaint, there are no allegations that would support a cause of action under section 1983. Passarella has not identified any federal statute or constitutional right that Citizen's Bank or Cellini allegedly violated in this case, and the court cannot discern any such violation from the allegations in the complaint. Additionally, there are no allegations plausibly supporting a finding that Citizen's Bank or Cellini is a state actor. *See, e.g.*, *Bailey*, 188 F. App'x at 67–68 (concluding that defendant bank was not state actor despite arguments by plaintiff that government extensively regulated bank and bank calling police to address possible disturbance created by plaintiff); *Swope v. Northumberland Nat'l Bank*, No. 4:13-CV-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) ("[T]he Third Circuit Court of Appeals has repeatedly found that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as

state actors." (citations omitted)). Therefore, Passarella has failed to state a claim against Citizen's Bank or Cellini that would entitle him to relief under section 1983.

As Passarella has failed to assert claims under *Bivens* or section 1983, the only plausible claims the court can discern are possible tort claims under state law. However, as with Passarella's prior cases, the complaint fails to establish any basis for diversity jurisdiction under 28 U.S.C. § 1332, which would be the only independent basis for jurisdiction over those claims. As previously explained to Passarella, the diversity jurisdiction statute, 28 U.S.C. § 1332, grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

Here, it does not appear that the parties are completely diverse or that the amount in controversy exceeds $75,000. As for complete diversity, although Passarella alleges that he is incarcerated at SCI–Mahanoy in the Commonwealth of Pennsylvania, *see* Complaint at ECF p. 2, he once again does not allege the state of his domicile prior to his incarceration. *See Robinson v. Temple Univ. Health Servs.*, 506 F. App'x 112, 115 (3d Cir. 2012) (per curiam) (explaining that "[t]he traditional view is that a prisoner remains a citizen of the state of which he was a citizen before his imprisonment," and that other circuits "follow a rebuttable presumption model; those courts presume that a prisoner does not change his domicile by being incarcerated in a new state,

but they permit him to rebut that presumption"). In addition, the only allegation relating to Citizens Bank's citizenship is that it is in Aldan, Pennsylvania, and Passarella alleges that Cellini lives in Upper Darby, Pennsylvania. *See id.* These allegations are insufficient to establish complete diversity among the parties.

Even if the parties were completely diverse, the amount in controversy does not appear to exceed the jurisdictional limit of $75,000, exclusive of interest and costs. The court recognizes that "[a] plaintiff's burden of satisfying the amount in controversy required for diversity jurisdiction 'is not especially onerous.'" *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 802 (3d Cir. 2017) (per curiam) (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016)). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted); *see Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."). Since "[t]he sum claimed by the plaintiff controls if the claim is apparently made in good faith[, i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

Here, while Passarella references declaratory and injunctive relief, these requests would not affect the amount-in-controversy requirement, and he has nonetheless failed to include any allegations that would justify ether form of relief.[9] As for actual damages, Passarella seeks

---

[9] Passarella references 28 U.S.C. §§ 2283, 2284 as a basis for relief in the complaint, *see* Complaint at ECF p. 3, but neither of those statutes are applicable here. *See* 28 U.S.C. § 2283 (providing that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"); 28 U.S.C. § 2284 (providing for three-judge district courts under certain enumerated circumstances).

$10,000 from each defendant and references punitive damages. Based on a review of the allegations in the complaint, and as previously stated in Civil Action Nos. 17-4349 and 18-2354, the court finds that Passarella has not asserted his claims for monetary damages in good faith and it appears to a legal certainty that he cannot satisfy the amount-in-controversy requirement necessary to establish this court's diversity jurisdiction.[10]

### D. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, Passarella has had numerous attempts to cure the defects this court has repeatedly identified with his complaints relating to the subject matter referenced in the instant complaint; as such, the court will not grant him leave to amend because doing so would be futile.

### III. CONCLUSION

For the foregoing reasons, the court will grant Passarella leave to proceed *in forma pauperis* and dismiss (1) with prejudice any claims under *Bivens* or section 1983, and (2) without prejudice any state law tort claims because the court lacks subject-matter jurisdiction over any such claims. The court will not grant Passarella leave to file an amended complaint as amendment would be

---

[10] As previously noted, while the court does not minimize the loss of $1,600.00 for a seven-month period, Passarella acknowledges that Citizen's Bank returned the $1,600.00 to his account so he has not alleged that he has suffered any monetary loss. In addition, while Passarella references experiencing pain and suffering during the seven-month period until the bank returned the $1,600.00, and that he is seeking punitive damages, he has not included sufficient allegations in the complaint to justify an award for either type of relief. *See Feld v. Merriam*, 494 A.2d 1088, 1097–98 (Pa. 1984) ("Punitive damages must be based on conduct which is malicious, wanton, reckless, willful, or oppressive.").

futile. Nevertheless, as already explained on two occasions to Passarella, he may still refile his state law tort claims against the defendants in the appropriate state court.[11]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[11] The court has also previously explained to Passarella that there are two court systems in the Commonwealth of Pennsylvania. There is the Unified Judicial System of the Commonwealth of Pennsylvania in which the courts of common pleas serve as the trial courts for most matters, and there is the federal system for which the federal district courts generally act as the trial courts. For the state system, there is a court of common pleas located in each county in the Commonwealth of Pennsylvania. Each county has a prothonotary's office which accepts legal documents, such as complaints, for filing. Filing any document with the clerk of court for this court, *i.e.* the Eastern District of Pennsylvania, is not the same as sending the document to the appropriate county's prothonotary for filing. If Passarella intends to prosecute any state law claims with respect to the allegations in the complaint in this matter, he must do so by filing a complaint with the prothonotary for the appropriate county court of common pleas.